UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                               :
                                          Docket #13cv8304
WANDA SINCLAIR, et al.,              :

                  Plaintiffs,        :

   - against -                       :   New York, New York
                                         November 3, 2014
CITY OF NEW YORK, et al.,            :

                                     :
                  Defendants.
------------------------------------ :

PROCEEDINGS BEFORE
THE HONORABLE JAMES L. COTT,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:          MADUEGBUNA COOPER LLP
                         BY:  SAMUEL MADUEGBUNA, ESQ.
                         30 Wall Street, Eighth floor
                         New York, New York 10005
                         (212) 232-0155


For Defendant:           NEW YORK CITY LAW DEPARTMENT
                         BY:  DONNA CANFIELD, ESQ.
                         100 Church Street
                         New York, New York 10007
                         (212) 356-2461




Transcription Service:  Carole Ludwig, *Transcription Services*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

## INDEX

### E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None | | | | |

### E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|-----|-----|-----------|
| None | | | | |

THE COURT:   This is the case of Sinclair,
Sherard, Mercado, and Holder v. New York City and several
other named defendants.   The docket number is 13cv8304.
The case is assigned to Judge Castel.   He has referred the
case to me for general pretrial supervision, including
settlement.   We have had a lengthy settlement conference
today, and it's my understanding that the parties have
reached an agreement as to the material terms of a
settlement.

It is further my understanding that the parties
desire to place those material terms on the record at this
time with the understanding that they will be memorializing
their agreement in a written instrument.

The purpose behind this proceeding is, however, to
ensure that the parties have an enforceable and binding
agreement such that, if either side needed to, they would
be able to seek enforcement of the settlement terms in the
unlikely event that they don't otherwise memorialize it in
writing.

Let me ask Mr. Maduegbuna is that your
understanding of how we're proceeding?

MR. SAMUEL MADUEGBUNA:   Yes, Your Honor.

THE COURT:   And, Miss Canfield, is that your
understanding of how we're proceeding?

1

2        MS. DONNA CANFIELD:   Yes, Your Honor.

3        THE COURT:   All right.  Let me suggest, first, that

4   counsel put the terms on the record, and once counsel have

5   done so to their collective satisfaction, then I will ask

6   their respective clients if they understand those terms and

7   agree to be bound by those terms.  So I don't know which of

8   you wishes to proceed.

9        MR. MADUEGBUNA:   Counsel should go.

10       THE COURT:   Miss Canfield, why don't you set forth

11   on the record what you understand those terms to be, and then

12   I'll ask Mr. Maduegbuna if he has something that he wishes to

13   supplement or otherwise modify in some fashion.

14       MS. CANFIELD:   The defendants have agreed to pay

15   each of the plaintiffs a back pay amount.  For plaintiff

16   Sinclair, defendants have agreed to pay her a back pay from

17   November 20, 2010 to the present at a rate of 8 percent on her

18   current $75,754 annual salary.  For plaintiff Mercado we agree

19   to pay her a back pay amount of 8 percent on her current

20   $76,107 annual salary.  That's from November 20, 2010 to

21   present.  For plaintiff Sherard, defendants agree to pay her a

22   back pay on her $72,616 salary from November 20, 2010 to the

23   date of her retirement.  I apologize, Your Honor.  For

24   plaintiff Sherard we are paying her from November 20, 2009 to

25   the date of her retirement, which is approximately 3.5 years.

And for plaintiff Holder defendants agree to pay her a back

pay amount on her $60,143 annual salary from November 20, 2009

to the date of her retirement.

Now, for each of the plaintiffs, to the extent that

their annual salaries were subjected to a collective

bargaining increase, that will be factored into the base

annual salary rate.  Defendants also agree to pay each of the

defendants $50,000 compensatory damages, and defendants agree

to an amount of $50,000 for attorney's fees and costs.

Finally, to the extent each plaintiff wishes, the

amounts that they, each plaintiff is receiving in back pay

will be pensionable, and that will be articulated in the

settlement agreement.  Defendants do request, however, that

plaintiffs provide exact dates that they want those amounts to

be pensionable to.  I think that --

THE COURT:   That covers what your understanding is?

MS. CANFIELD:    -- covers the terms of the

agreement.

THE COURT:   Mr. Maduegbuna.

MR. MADUEGBUNA:   Your Honor, thank you.  Just a few

clarifications.  With respect to plaintiffs Diane Sherard and

Sharon Holder, just to be clear on the record, defendants

agree to pay them back pay on their salaries at the rate of 8

percent.  I don't know if you mentioned that.

THE COURT:   Yes, that was I believe said, yes.

MR. MADUEGBUNA:   Okay, I just want to be clear.

THE COURT:   It's 8 percent for all four of the plaintiffs.

MR. MADUEGBUNA:   For all four of them, yes, okay. Now, we also understand that those back pay payments for all plaintiffs will be issued as a check by way of W2.  Is that correct?

MS. CANFIELD:   I'm sorry, can you repeat that please?

MR. MADUEGBUNA:   The back pay payment for all four plaintiffs will be issued by way of a check subject to deductions on the W2.

MS. CANFIELD:   Correct, all back pay is subject to all payroll deductions.

MR. MADUEGBUNA:   Okay.  And the other thing is with respect to plaintiffs Sinclair and Mercado, the 8 percent increase on their salary, as described by counsel, will continue from the retroactive date of November 20, 2010 up until the date of their retirement.  Is that correct?

MS. CANFIELD:   Correct, the 8 percent will be the increase in their salary going forward.

MR. MADUEGBUNA:   And then with respect to pension, our understanding is that the pension will be calculated based

on the pension plan that they are in. So I wasn't quite clear

what counsel means by to the extent that they wish, and that

is pensionable, that it should provide amounts and the dates

they want the amounts pensionable. I'm not quite clear on

that.

MS. CANFIELD: The plaintiffs are receiving four

years of back pay, but if they only want three years to be

pensionable, they need to designate that to counsel so that

can be included in the settlement agreement. If that's what

they want. They can have it spread over the four years.

(pause in proceeding)

MS. CANFIELD: No, counsel was just recommending

that they probably want to do it over the four years instead

of the three. But it's up to the plaintiffs how they want to

allocate it.

MR. MADUEGBUNA: I understand that. And all of

this would be subject to a settlement agreement that will be

reviewed and signed by the plaintiffs.

MS. CANFIELD: Correct.

MR. MADUEGBUNA: Okay.

THE COURT: Well, just — I'm sorry to interpose

myself. It will be subject to that, but my understanding, and

this was the purpose of my earlier question, was that in the

highly unlikely event that you are not able to memorialize the

agreement in a written instrument, what we're putting on the

record tonight are going to be enforceable terms such that you

would be able to enforce this agreement on behalf of the

plaintiffs if the City otherwise no longer said it was, in

fact, what they were willing to do.  And conversely, the City

could seek to move to enforce this agreement if your clients

for some reason decided not to carry forward with it.  That's

my understanding of why we were putting this on the record

tonight.  Is that not correct?

             MR. MADUEGBUNA:    That is correct.

             THE COURT:    So it is subject to – I mean it is

further to perhaps I would say rather than subject to because

to say subject to, it seems to me, means that what we're doing

here tonight won't have any binding and enforceable effect,

and my understanding is both sides wanted to, in fact, have a

binding and enforceable effect.  Correct?

             MR. MADUEGBUNA:    That's correct, Your Honor, yes.

             THE COURT:    Is that your understanding, Miss

Canfield, as well?

             MS. CANFIELD:    Yes, it is, Your Honor.

             THE COURT:    All right.

             MR. MADUEGBUNA:    So what I meant to say is that

there will be an agreement that spells out the fine details of

this, including what kind of W2 or W9 forms that will be

issued and how payments will be --

THE COURT:    I'm not sure the recording is - because you turned your head.  So you're talking more to Miss Canfield than on the record.  But if I can restate it, what we've put on the record tonight, as I understand it, are the material terms of settlement.  There are many other terms that have to be worked through, all the logistics, how checks will be cut, to whom, and all of those sorts of things, and the issues with respect to the pension and all of that will obviously be memorialized in your written agreement.  That's beyond the scope of what we're putting on the record tonight, and I think that's understood by both sides, correct?

MR. MADUEGBUNA:    That's correct, Your Honor.

THE COURT:    Correct, Miss Canfield?

MS. CANFIELD:    Correct.

THE COURT:    All right, anything else, Mr. Maduegbuna?

MR. MADUEGBUNA:    I think that's it, Your Honor.

THE COURT:    All right, Miss Canfield, anything else?

MS. CANFIELD:    Nothing more.

THE COURT:    All right, let me then ask each of the individual plaintiffs if they understand the terms that have been put on the record tonight and if they agree to be bound

by those terms.  So let me first ask Miss Sinclair, do you understand the terms of the settlement?

        MS. SINCLAIR:   Yes, I do understand the terms of the settlement.

        THE COURT:   And do you agree to be bound by those terms?

        MS. SINCLAIR:   I agree to be bound by the terms.

        THE COURT:   And, Miss Sherard, do you understand the terms of the settlement?

        MS. SHERARD:   Yes, I understand the terms.

        THE COURT:   And do you agree to be bound by them?

        MS. SHERARD:   Yes, I do.

        THE COURT:   Miss Mercado, do you understand the terms of the settlement?

        MS. MERCADO:   Yes, I do.

        THE COURT:   And do you agree to be bound by them?

        MS. MERCADO:   Yes, I do.

        THE COURT:   And, Miss Holder, do you understand the terms of the settlement?

        MS. HOLDER:   Yes, I do.

        THE COURT:   And do you agree to be bound by them?

        MS. HOLDER:   Absolutely.

        THE COURT:   Mr. Schreiber, on behalf of HPD, are you authorized here tonight to bind the agency to the extent

it needs to be bound in the proceeding?

        MR. SCHREIBER:   Yes, Your Honor.

        THE COURT:   And you understand all of these terms?

        MR. SCHREIBER:   I do.

        THE COURT:   And you are binding the agency to this agreement?

        MR. SCHREIBER:   HPD is bound.

        THE COURT:   And, Miss Canfield, on behalf of the City, you're authorized to enter into this agreement on its behalf?

        MS. CANFIELD:   Yes, Your Honor.

        THE COURT:   All right.  Is there anything else counsel believes we need to put on the record, either that needs to be asked of any of the parties or otherwise with respect to the terms of the settlement?

        MR. MADUEGBUNA:   No, Your Honor.

        THE COURT:   Miss Canfield?

        MS. CANFIELD:   No, Your Honor.

        THE COURT:   All right, very well.  Let me say a couple of things.  First of all, I will report this to Judge Castel who will obviously be very pleased that the parties have been able to resolve their lawsuit, and I will also, I will tell him that the parties plan to submit some kind of a stipulation to the Court.  Shall I report to him that that

2 would likely happen within 30 days of today?  Is that

3 realistic?

4          MS. CANFIELD:   Yes, Your Honor.

5          MR. MADUEGBUNA:   Yes.

6          THE COURT:   All right, so I will so advise him.

7 Let me also thank counsel for your hard work today.  On behalf

8 of the Court, it's very much appreciated.  And let me also

9 especially thank the individual plaintiffs who are not lawyers

10 who have now spent the better part of eight hours in the

11 courthouse today, and your patience is very much been

12 appreciated.  I know this was a long and challenging morning

13 and afternoon for you all, but I'm grateful that you were able

14 to stick with it and that we were able to get to a resolution

15 of your case.

16          So thank you all very much, and I wish you a good

17 evening.

18          MR. MADUEGBUNA:   Okay.  Thank you, Your Honor.

19          MS. CANFIELD:   Thank you.

20          (Whereupon the matter is adjourned.)

21

22

23

24

25

```
 1
 2                    C E R T I F I C A T E
 3
 4          I, Carole Ludwig, certify that the foregoing
 5  transcript of proceedings in the United States District
 6  Court, Southern District of New York, Sinclair, et al. v.
 7  City of New York, et al., Docket #13cv8304, was prepared
 8  using digital transcription software and is a true and
 9  accurate record of the proceedings.
10
11
12
13
14  Signature_____
15
16  Date:  March 1, 2015
17
18
19
20
21
22
23
24
25
```